By the Court, .Bronson, J.
Where on the trial there is a question of variance as to names, dates, amounts, or the like, which is not calculated to mislead the defendant, the judge usually overrules the objection, and the plaintiff, is afterwards allowed to amend on very easy terms. But this was not a mere question of variance. The plaintiff was nonsuited because he had no count in the declaration adapted to his evidence; and we thought the nonsuit was properly ordered. If the plaintiff had then asked for leave to add new counts, the amendment would *379 have been equivalent to bringing a new action. To allow such an amendment without imposing terms, would be to subject the defendant to the peril of losing the costs to which he was already entitled; and the further peril of paying the costs of an action which had already been successfully defended. It was for this reason that the plaintiffs were required' to pay all the costs in the manuscript case to which the counsel has referred. Here, there is a further reason for imposing terms, for the plaintiff’s costs in the court of errors are to abide the event of the suit. It is said that our judgment was reversed on the ground that there was evidence enough to carry the cause to the jury on the declaration as it now is. If the plaintiff is of that opinion, and is content to go to trial without an amendment, the parties will meet on equal terms, and one or the other will be charged with the costs of the whole litigation. But if we allow the plaintiff to make a new declaration by way of amending the old one, it may have the effect of throwing all the costs in both courts up to this time upon the defendant; when, without the amendment, those costs might fall upon the plaintiff. I do not see how we can do more than to allow the addition of the new counts on the plaintiff’s paying the defendant’s costs in this court since the plea, and on his relinquishing the right to costs in the court of errors in the event of his succeeding in the suit.
Ordered accordingly.